Burns, Respondent, vs. The North Chicago Rolling Mill Company, Appellant.

*February 3 — February 23, 1886.*

RAILROADS: NEGLIGENCE. *(1) Ringing of bell at highway crossing: Evidence. (2) Withdrawal of flagman.*

1. The testimony of the brakeman on a train that the bell on the engine was rung when the train started from a switch about 500 feet distant from the crossing at which an accident occurred, but that he could not say whether it was ringing all the time from the switch down to the time of the accident, together with testimony of other witnesses that they did not hear the bell at or near the crossing though listening for it, is *held* to have warranted a special finding by the jury that the bell was not rung as a signal at the crossing.

2. The withdrawal of a flagman from a highway crossing where he is usually kept to signal approaching travelers, is negligence.

APPEAL from the Circuit Court for *Milwaukee* County.

The cause was before this court on a former appeal, and is reported in 60 Wis. 541. Upon the second trial the jury found a special verdict, the substance of which, so far as it is material, is stated in the opinion. From the judgment entered upon the verdict in favor of the plaintiff, the defendant appealed.

For the appellant there was a brief by *Finches, Lynde & Miller*, and oral argument by *Mr. Geo. P. Miller*.

For the respondent there was a brief by *A. E. Stroud*, attorney, and *D. H. Johnson*, of counsel, and oral argument by *Mr. Johnson*.

ORTON, J. The main facts in this case sufficiently appear in 60 Wis. 541. The judgment in the case was then reversed, mainly because of inconsistent findings and of the particular findings "that the plaintiff could, had he looked, have seen the lights of the brakemen, or the lights on the locomotive, at any time before he reached the track on which the collision occurred," and "that the plaintiff could have seen the lights of the brakemen and on the locomotive at any time before he reached the track where the collision occurred, had he been looking for the same." The findings in the case now before this court on that subject are that the plaintiff "slacked the speed of his horse, listened, and looked for the flagman," and that "on approaching the track where the accident occurred, the plaintiff used all the means which a man of ordinary care and prudence would have used to avoid the possibility of an accident." The jury found also that the defendant ordinarily kept a flagman at that crossing to warn people who were traveling on said highway, of approaching trains; and that on the evening in question said flagman was withdrawn before the defendant had ceased running locomotives and cars over that crossing; and that the plaintiff was aware of the fact that

a flagman was ordinarily kept at that crossing when trains were liable to pass over it; and that the withdrawing of said flagman, before trains had ceased to run on the evening in question, was negligence on the part of the defendant. The jury also found that the approaching train "did not have upon it a bell *which was ringing* immediately before the collision," and that, in their judgment, the train was going, at the time of the collision, about eight miles per hour.

It will be seen that the defects in the special findings when the case was here before, have been studiously cured by the present findings. The principal objections now urged against the findings are to those in respect to the flagman having been ordinarily kept at that crossing and withdrawn, as being evidence of negligence, and that in respect to the ringing of the bell, as not being warranted by the testimony. On the question of the ringing of the bell, the brakeman on the train testified that the bell was rung when the train started from the end of the track, *but he could not say* whether it was ringing all the time from the switch down to the time of the accident.[1] This testimony, together with the testimony of other witnesses who testified that they did not hear the bell at or near the crossing when listening for it, warranted the jury in finding that the bell was not rung at this time, as a signal at the crossing. This court would be passing upon the credibility of the testimony, and would usurp the province of the jury on this question, if we should hold, as a matter of fact, that the bell was rung.

In respect to the necessity of the company keeping a flagman at this crossing, as an act of due care and prudence to prevent accidents at that point, we are not prepared to say

---

[1] The switch at the end of the track upon which the train was running was about 500 feet distant from the crossing at which the accident occurred.— REP.

that the peculiar surroundings of this crossing, and the amount of travel over it as the main thoroughfare between Bay View and Milwaukee, would not make it a proper place for the company to keep a flagman to notify people traveling towards it of approaching trains, and that not keeping one would not be negligence on the part of the company; but we think that, from the situation of this crossing, it would have been proper to have submitted that question to the jury, by the authority of *Kinney v. Crocker*, 18 Wis. 75; *Butler v. M. & St. P. R. Co.* 28 Wis. 487; and *Ferguson v. Wis. Cent. R. Co.* 63 Wis. 145. It was certainly much more proper to submit to the jury in this case the questions whether the company had not ordinarily kept a flagman at this place to the knowledge of the plaintiff, and whether he had not been withdrawn, and whether such withdrawal of the flagman on the evening of the accident was not negligence. When the company had usually kept a flagman at that crossing, those approaching it might well think that no train was near it if no flagman or his signal was seen. The traveler might in this way be lured into danger, when, if no flagman had ever been kept there, he would not have looked for such a signal, but would have looked and listened for other signs of an approaching train. We cannot but approve of the authorities cited by the learned counsel of the respondent, which hold that the withdrawal of a flagman from a crossing where he is usually kept to signal approaching travelers, is negligence. *Ernst v. H. R. R. Co.* 35 N. Y. 9, 28; *S. C.* 39 N. Y. 61; *Beisiegel v. N. Y. C. R. Co.* 34 N. Y. 622; *McGrath v. N. Y. C. & H. R. R. Co.* 63 N. Y. 523; Shearm. & Redf. on Neg. § 483.

We think, on the whole case, the jury were warranted by the evidence in finding, as they did, that the defendant's negligence produced the injury, and that the plaintiff was guilty of no negligence that contributed to it. We further think that the instructions of the court to the jury were

full, fair, impartial, and correct. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

As to flagman at highway crossing, see *Welsch v. H. & St. J. R. Co.* 72 Mo. 451; *S. C.* 37 Am. Rep. 440, and note on p. 443.— REP.