Sights v. Louisville & N. R. R. Co.

---

CASE 49—ACTION BY A. B. SIGHTS AGAINST L. & N. R. R. CO. FOR PERSONAL INJURIES CAUSED BY FRIGHTENING HIS HORSE.—JAN. 27.

## Sights v. Louisville & N. R. R. Co.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

RAILROADS— STREET CROSSINGS— ACCIDENT— NEGLIGENCE— EVIDENCE — SUFFICIENCY—DUTIES OF FLAGMAN.

Held: 1. It is the duty of a railroad in running its trains through a city to give the usual signals of their approach to street crossings, and the failure to do so is actionable negligence; and when gates and flagman have been maintained by a road at a street crossing the public may presume, in the absence of knowledge to the contrary, when the gates are open, or the flagman not in his accustomed place, that the gateman or flagman is properly discharging his duties, and that they will not be exposed to danger, and may act on that presumption without being guilty of negligence.
2. It is negligence for a gatekeeper or flagman at a crossing to leave his post, knowing that an engine is approaching the crossing, without giving some signal of danger.
3. One driving on a street towards a railroad crossing must be on the lookout himself, and exercise ordinary care to prevent an accident.

Sights v. Louisville & N. R. R. Co.

4. In an action against a railroad for negligence resulting in plaintiff's horses taking fright and throwing him out of his buggy at a crossing, evidence HELD sufficient to authorize the submission of the issue of defendant's negligence to the jury.

CLAY & CLAY, ATTORNEYS FOR APPELLANT.

## QUESTIONS DISCUSSED AND AUTHORITIES CITED.

### NEGLIGENCE OF DEFENDANT.

1. It is negligence to permit an engine and train of cars to approach a public street in a city or town without giving signals of its approach by blowing the whistle or ringing the bell, or both, and this is true whether such failure causes injury by collision or by frightening a team causing it to run away. Shelby's Admr. v. Cin. N. O. & T. P. R. R. Co., 85 Ky., 224; Paducah & Memphis R. R. Co. v. Hoehl, 12 Bush, 45; L. S. & Lex. R. R. Co. v. Goetz's Admr., 79 Ky., 447; Kentucky Statutes, sec. 786; Rupard v. Ches. & Ohio R. R. Co., 88 Ky., 284; Ill. Cent. R. R. Co. v. Mizell, 38 S. W. R., 5; Hutchinson v. L. & N. R. R. Co., 52 S. W. R., 955; L. & N. R. R. Co. v. Penrod's Admr., 56 S. W. R., 1.

2. Where, for a long period of time a flagman has been stationed at a public crossing, the absence of the flagman from his post and consequent failure to give warning signal, is negligence. (See authorities cited under "second" clause of "Contributory Negligence of Plaintiff," below.)

3. It is the duty of those in charge of a train switching across a public street in a town or city to keep a reasonable lookout for persons using such street on or near the track, and to give them a reasonable opportunity to cross, especially after the train has passed over the street once and before returning.

### CONTRIBUTORY NEGLIGENCE OF PLAINTIFF.

1. It is not negligence *per se* to cross a railroad track with a motionless engine in view when no signal had been given, and when the engine had just passed over the street and come to a standstill beyond. Missouri K. & T. R. R. Co. v. Traub, 47 S. W. R., 282.

2. A person using a public street crossed by railroad tracks at which crossing a flagman has been stationed for years, has the right to rely upon the implied invitation and assurance given by the absence of such flagman from his post and his failure to give the customary signal of warning. Dick v.

Sights v. Louisville & N. R. R. Co.

L. & N. R. R. Co., 64 S. W. R., 725; Thos. Evans v. Lake Shore, &c. R. R. Co., 14 L. R. A., 223; Dodge v. Briggs and Others, 27 Fed. Rep., 160; Whelan v. New York, &c. R. R. Co., 38 Fed. Rep., 15; Hooper v. Boston, &c. R. R. Co., 81 Maine, 260; Richmond v. Chicago, &c. R. R. Co., 87 Mich., 374; Woehrle v. Minn. Trans. R. R. Co., 52 L. R. A., 348.

3. If the plaintiff did not see the train he was not guilty of negligence, and the negligence of the driver of the vehicle, if negligent, can not be imputed to him. Dick v. L. & N. R. R. Co., 64 S. W. R., 725; Dodge v. Briggs and Others, 27 Fed. Rep., 160; Richmond v. Chicago, &c. R. R. Co., 87 Mich., 374; Cahil v. Cincinnati, &c. R. R. Co., 92 Ky., 345. We further submit that the petition states a cause of action and is therefore good on demurrer.

YEAMAN & YEAMAN, AND B. D. WARFIELD, FOR APPELLEE.

1. Damages are not recoverable for loss happening through the doing of a lawful act, unless there be something wrongful in the manner of doing it, and railway companies running their trains in the usual manner are not made responsible for damage which may happen in consequence of horses taking fright at the movement of the trains, or noises incident thereto.

2. The franchise granted by the State to operate a railroad necessarily carries with it the right to do those things which are unavoidably incident to the exercise of the right, including the moving of cars, the escape of steam, the ringing of bells, and the sound of whistles, although such acts make noises and display objects at which horses will sometimes become frightened. The vital question must always be the manner of exercising the right, and where no wrongful manner is charged, none can be presumed or permitted to be proven.

3. "A railroad company is not liable for injuries resulting from horses becoming frightened upon a highway at the mere sight of its train or noises incident to the operation of a railroad." Elliott on Railroads, vol. 3, sec. 1264.

4. "Rapidity of movements, noises, and sudden appearances are common incidents of the operation of railroads, and one complaining of hurt from those causes must show clearly a departure by the defendant from custom and propriety to warrant a recovery." McCervin v. A. V. R. R. Co., 72 Miss., 1013, and 18 Southern Rep., 420, quoted and approved by this court in L. & N. R. R. Co. v. Howerton, 24 Ky. Law Rep., 1905, 72 S. W., 760. This court, in the case last cited, says:

5. "When trains are run in the ordinary way, and whistles

and bells are sounded as the necessities of the business require, and a horse becomes frightened by reason thereof, and damages result therefrom, no action can be maintained therefor. . . . . Railroads operating trains and hand-cars, have the right to make all reasonable and usual noises incident thereto, whether occasioned by escaping steam, gripping of cars, &c. Persons whose duties call them near a railroad must know that such right exists." L. & N. R. R. Co. v. Howerton, 24 Ky. Law Rep., p. 1905, 72 S. W., p. 760.

6. "The object of giving signals of the approach of a train is to apprise people of its coming, . . . and if he knew of the approach of the train there can be no recovery on the ground that the signal was not given." L. & N. R. R. Co. v. Penrod's Admr., 22 Ky. Law Rep., 73, 56 S. W., 1.

7. Admitting, for the purpose of the demurrer, the truth of the petition, we submit that it states no cause of action and that the court erred in overruling the demurrer, and as the petition was not helped by the answer, the giving of the peremptory instruction, no matter what the evidence may have been, was proper, and the judgment should be affirmed.

8. After the judgment of the court below, overruling the demurrer, the defendant filed its answer, which is a general denial, with a plea of contributory negligence.

9. Even though this court should be of the opinion that the petition does state a cause for action, we confidently submit that it is not supported by the evidence offered by the plaintiff; that the evidence made no case that ought to have been, or, indeed, could have been, under any proper instruction, submitted to the jury.

## AUTHORITIES CITED.

Elliott on Railroads, sec. 1264; McCervin v. R. R. Co., 72 Miss., 1013-18, Southern Repr., 420, quoted and approved in L. & N. v. Howerton, 24 Ky. Law Rep., 1905, 72 S. W., 760; L. & N. R. R. Co. v. Howerton, 24 Ky. Law Rep., 1905, 72 S. W., 760; Elliott on R. R., sec. 1158; L. & N. R. R. v. Penrod's Admr., 22 Ky. Law Rep., 73, 56 S. W., 1; Thompson on Negligence, secs 1903, 1929, 1930; Elliott on R. R., secs. 1157, 765, 768; Hughes v. C. N. O. Co., 91 Ky., 526; Louisville Gas Co. v. Kaufman, 105 Ky., 131; Hudson and Wife v. L. & N. R. R., 14 Bush, 306; O. V. R. R. Co. v. Young, 19 Ky. Law Rep., 158, 39 S. W., 415; L. & N. R. R. Co. v. Smith, 107 Ky., 178; L. & N. R. R. Co. v. Survant, 96 Ky., 200; Same v. Same, (2d appeal), 19 Ky. Law Rep., 1576, 44 S. W., 88; Rupard v. C.

& O. Co., 88 Ky. Law Rep., 1023, 11 S. W., 70, 7 L. R. A., 316; L. & N. R. R. Co. v. Scherer, 22 Ky. Law Rep., 929, 59 S. W., 330; I. C. R. R. Co. v. Mizell, 100 Ky., 235; C. & N. R. R. Co. v. Ogles, 24 Ky. Law Rep., 2160; Abbott v. Kalbus, 74 Wis., 504.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellant, A. B. Sights, brought this suit against the appellee for damages for a broken leg, which he alleges was occasioned by his horses taking fright and throwing him out of his buggy in consequence of the negligence of appellee's servants in charge of one of its trains in the city of Henderson. Appellee filed a general demurrer to plaintiff's petition, which was overruled. It thereupon filed an answer, which was a traverse and a plea of contributory negligence. The trial court gave the jury a peremptory instruction to find for the defendant at the conclusion of plaintiff's evidence, and he has appealed.

The alleged acts of negligence on the part of the defendant consisted in driving its engine across one of the most frequented streets of the city of Henderson without giving any signals of its approach, and in the failure of their flagman, who was stationed at the crossing in conformity with one of the ordinances of the city of Henderson, to give the warning of the approach of the engine until too late to avoid the injury; third, in causing the engine to emit violent and unusual noises when close to and in front of plaintiff's horses. The testimony of appellant, which was corroborated by that of Mr. Johnson, who was driving with him, was to the effect that the railway company had maintained at their crossing of Second street in the city of Henderson, in conformity with the requirement of a city ordinance, a flagman, whose duty required, when trains were approaching the street, that he should stand in the middle thereof, and

give notice of their approach to travelers by waving his flag; that a small house had been erected between the tracks of the Louisville & Nashville Railroad Company and those of the Illinois Central Railroad Company for his accommodation, and when the way was unobstructed he usually retired to his house; that on the date of the accident appellant was riding in a buggy pulled by two horses, which were being driven by Mr. Johnson, along Second street in the direction of the railroad crossing; that when they arrived at within two hundred yards of the crossing they discovered an engine backing a train across the street south, and they stopped their horses, and remained standing until the engine train had disappeared behind a train of box cars which were standing upon the track; that after the train passed out of view, not seeing the flagman in the street, they concluded that it was safe to approach, and drove their horses slowly and cautiously towards the crossing; that when they had arrived at within about fifteen or twenty feet of the track of the Illinois Central Railroad Company they saw the flagman standing near his shanty, on the side of the street, with his back to the railroad, and his flag across his shoulders, holding it with both hands; that suddenly, and without warning of its approach, the engine reappeared from behind the train of box cars, and simultaneously with its appearance the engine emitted a succession of violent and unusual noises, and that at this time, for the first time, the flagman began to wave his flag; and that their horses became frightened at the noise of the train, and immediately turned around, throwing appellant out of the buggy, and running away; that as a result of the accident appellant's leg was broken, and he was for some time confined to his house, and unable to perform his duties.

This court has frequently held that it is the duty of

a railroad company, in running its trains through a city, to give the usual and customary signals of its approach to street crossings, and that a failure to do so was actionable negligence. See L. & N. R. R. Co. v. Penrod's Adm'r, 108 Ky., 172, 22 R., 73, 56 S. W., 1, 66 S. W., 1013, and the authorities there cited. "And when gates or a flagman have been maintained by railroad companies at the crossing of streets in cities and towns, the public have a right, when the gates are open, or the flagman not in his accustomed place of duty, to presume, in the absence of knowledge to the contrary, that the gateman or flagman is properly discharging his duties; and it is not negligence on their part to act on the presumption that they will not be exposed to a danger which could only arise from the disregard of his duties; and it is negligence for a gatekeeper or flagman to leave his post, knowing that an engine was approaching a crossing, without giving some signal of danger."

See Evans v. Lake Shore & M. S. R. Co., (Mich.) 50 N. W., 386, 41 L. R. A., 223; Richmond v. Chicago & W. M. R. Co., 87 Mich, 374, 49 N. W., 621; Glushing v. Sharp, 96 N. Y., 676; C. C. C. & I. R. Co. v. Schneider, 45 Ohio St., 687, 17 N. E., 321; Woehrle v. Minnesota Transfer Co. (Minn.) 84 N. W., 791, 52 L. R. A., 348. It seems to us that it would be a very narrow construction to hold that the purpose of a flagman was solely for the purpose of preventing collisions upon the crossings, and not also to give notice to approaching vehicles, drawn by horses, of the danger which might arise from fright in the horses occasioned by suddenly coming in the immediate vicinity of engines. However, we do not mean to hold that an individual approaching a crossing of this character can rely exclusively upon the railway company doing its duty as to giving signals. He is bound to be on the lookout for himself, and to ex-

ercise ordinary care to prevent accidents.    But we have reached the conclusion in this case that the demurrer was properly overruled, and there was sufficient evidence of negligence on the part of the defendant to have authorized the submission of the  case to the jury.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Petition for re-hearing by appellee overruled.