RAETHER, Respondent, vs. TOWN OF MENTOR, Appellant, and others, Respondents.

*February 24—March 15, 1910.*

*Injury from defective sidewalk: Notice of defect: Negligence of town officers: Instructions to jury: Harmless errors.*

1. In an action against a town for injuries caused by a loose plank in a sidewalk, evidence that the walk had been in that condition for ten or twelve days and that during that time the town officers were frequently upon the street in question, was sufficient to sustain a finding by the jury that by the exercise of ordinary care the town officers could have discovered and remedied the defect before the accident.
2. An instruction to the jury which correctly states the law in the abstract will not work a reversal merely because there was no evidence to which it was applicable.
3. An instruction that a lotowner was not responsible for any negligence or default, with reference to the sidewalk in question, of contractors erecting a building on his lot, was harmless in this case, even if not correct, there being no evidence that there was any necessity for the contractors to interfere with the walk at the point in question, or that they did interfere with it or create the defect, and the jury having found in effect that the defect existed before such contractors began work.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This action was brought to recover damages for personal injury alleged to have been caused by the insufficiency and want of repair of a sidewalk in the unincorporated village of Humbird in the defendant town. The accident happened in front of and near the north side of a building that had just been constructed by the firm of Stallard & Zerbel. While such building was being constructed the sidewalk in front of the same had been removed, but had been replaced. Thereafter, and about ten days before the accident, the defendant *Babler* started to excavate for a building immediately north of that erected by *Stallard* and *Zerbel,* and to facilitate such

work he removed a portion of the sidewalk adjacent to where the excavation was being made. *Babler* himself did the work of excavation, but let the contract for the erection of his building. The excavation had been made and masons were at work on the foundation wall at the time of the accident. The plaintiff was proceeding in a southerly direction from a point north of the *Babler* excavation. After having passed around the same, in stepping onto the sidewalk she stepped on the end of a plank which was loose, and which suddenly flew up and threw her backward onto a pile of rock. After issue was joined, on motion of the defendant town the court, pursuant to sec. 1340*a,* Stats. (1898), ordered that the members of the firm of Stallard & Zerbel, as well as *Babler,* be made defendants in the action.

The jury found (1) that the plaintiff was injured; (2) that the highway at the time and place of the injury was insufficient and in want of repair; (3) that such insufficiency and want of repair existed for such a length of time that by the exercise of ordinary care the officers of the defendant town could have discovered the same and remedied the defect before plaintiff was injured; (4) that such insufficiency and want of repair was the proximate cause of the plaintiff's injuries; (5) that at the time the plaintiff was injured there were no barriers placed upon or across the sidewalk at or near the corners of the *Stallard* building sufficient to notify travelers in the exercise of ordinary care that they should not travel on such sidewalk in front of said building; (6) that plaintiff was not guilty of any want of ordinary care which contributed to produce her injuries; (7) that the insufficiency in the sidewalk was not caused or produced by the wrong, default, or negligence of the defendants *Stallard* and *Zerbel;* (8) that such insufficiency was not caused by the wrong, default, or negligence of *John Babler, Sr.;* (9) that the plaintiff suffered damages in the sum of $800. From a judgment entered on this verdict in favor of the plaintiff,

and also in favor of the defendants *Stallard, Zerbel,* and *Babler,* against the defendant town, this appeal is taken.

For the appellant there was a brief by *J. R. & C. R. Sturdevant,* and oral argument by *C. R. Sturdevant.*

For the respondent *Raether* there was a brief by *Homer C. Clark,* attorney, and *L. M. Sturdevant,* of counsel; for the other respondents there was a separate brief by *S. M. Marsh;* and the cause was argued orally by *Mr. Sturdevant.*

BARNES, J.   The appellant contends (1) that the plaintiff was guilty of contributory negligence; (2) that the town was not guilty of negligence; (3) that the fifth question in the special verdict was double; (4) that certain questions requested by the defendant should have been submitted to the jury; and (5) that the court erred in instructing the jury.

The criticisms on the special verdict are not well founded and do not call for any discussion.   The jury was warranted by the evidence in finding that the plaintiff was not guilty of contributory negligence.   The third and fifth errors above referred to raise substantial questions that merit more lengthy consideration.

It is urged that the town was not liable because it did not have actual knowledge of the defect and because the proof failed to show that it existed for such a length of time that the town officers in the exercise of ordinary care should have discovered and remedied the same.   There is no evidence in the case tending to show actual notice.   There is but one item of evidence which tends to show constructive notice. That was given by the witness Allen, and is as follows:

"The plank upon which *Mrs. Raether* stepped was entirely loose and separate from the sidewalk at the time of the accident; it hadn't been nailed down.   The sidewalk had been in that condition ever since the time prior to the commencement of the excavation of the bank cellar."

The excavation referred to was begun ten or twelve days before the accident occurred. The appellant argues that the evidence quoted does not mean that the plank had been loose since the excavation was begun, but that the general condition of the walk and its surroundings had been the same during the period named. While there is some ambiguity about the statement, a fair construction of it is that the plank was loose before the excavation was begun and continuously thereafter until the injury occurred, and the jury would be justified in so finding. The evidence showed that one of the town officers resided within a mile of the village, and was upon the street on which the sidewalk in question was constructed every day while the buildings were being erected, and that the other two officers were frequently there, as often as two or three times a week. It was for the jury to say whether, in the exercise of ordinary care, the defect in question should have been discovered and remedied before the injury occurred. This court cannot say as a matter of law that a loose plank in a sidewalk is a latent or hidden defect that could not be discovered by exercising ordinary care during the period named. The jury might very well have reached the conclusion that such a defect was readily discoverable by any person passing over the walk. That question, as well as the sufficiency of the length of time that the defect existed in order to establish negligence, was properly for the jury.

Error is alleged because the court instructed the jury that "when it is necessary in building to disturb the walk, the supervisors may reasonably permit the lotowner to take up the sidewalk or incumber it within a reasonable limit and with due caution for the safety of travelers." It is not claimed that this instruction is not a correct statement of the law in the abstract. It is criticised because there was no testimony in the case to which the instruction was applicable. We are unable to see how the appellant was prejudiced in

the slightest degree by this instruction or how it could possibly have affected the verdict of the jury. It would be a manifest perversion of justice to reverse judgments because of every harmless redundant statement made by a trial judge in his charge.

Error is also assigned because the court charged the jury that the lotowners were not responsible for any negligence or default on the part of the building contractors in reference to this sidewalk. The accuracy of this charge, as applied to the defendant *Babler,* is attacked on the ground that the removal of the sidewalk was not merely collateral to the work contracted to be done, but that the performance of the contract necessitated its removal, and therefore he could not escape responsibility for the negligence of his contractor under the doctrine of *Hundhausen v. Bond,* 36 Wis. 29, 40; *Hackett v. W. U. Tel. Co.* 80 Wis. 187, 193, 49 N. W. 822; and *Carlson v. Stocking,* 91 Wis. 432, 65 N. W. 58. There are several answers to this contention. In the first place the evidence does not show that there was any necessity for the contractor to remove or interfere with any more of the walk than had been removed by *Babler* himself when he was doing the work of excavating. In the next place there is nothing more than mere conjecture to support the view that *Babler's* contractor or his employees interfered with the walk or loosened the plank in question. Lastly, the jury found that the plank was loose a sufficient length of time so that the town should have discovered the defect and remedied it. There is not a scintilla of evidence to support this finding, except that heretofore quoted, and we must assume that the verdict is based thereon. That testimony showed that the plank was loose before the excavation was begun, and other evidence showed that the contractors did not begin work until the excavation was about completed. In view of the verdict of the jury this instruction became harmless, even if it were not correct, unless we assume that, had the

negligence of *Babler's* contractor been submitted to the jury, it would have made a finding thereon inconsistent with the one referred to.    The jury acquitted the lotowners of negligence and held the town to be negligent.    This result, no doubt, was reached because the jury was unable to say from the evidence that either of the lotowners was responsible for the plank being loose, but was able to say that it had been loose so long a time that the defendant town, in the exercise of ordinary care, should have discovered and remedied the defect.    We find no substantial error in the record.

*By the Court.*—Judgment affirmed.