ROCCO PASSARELLO, RESPONDENT, v. WEST JERSEY AND
SEASHORE RAILROAD COMPANY, APPELLANT.

Argued March 14, 1923—Decided June 18, 1923.

1. Plaintiff's automobile was demolished by one of defendant's railroad trains at a highway crossing habitually protected by a flagman, and in an action for damages based in part upon the alleged negligence of the flagman in failing to appear on the crossing and give the usual warning in due time of the approach of the train, the trial court instructed the jury that if they should find that the company placed a watchman there, and that he failed to perform the functions that he was placed there for, namely, the warning of travelers upon the highway, they might infer from that fact a want of care by the company itself. The judge also refused to charge as requested: "The failure of the watchman to be out on the crossing in time to warn the plaintiff of the approach of the train, if you believe there was such a failure, cannot be considered by you as a ground of negligence, but only with respect to the contributory negligence of the plaintiff." *Held*, that the instruction and the refusal were both correct. *Wolcott* v. *New York and Long Branch Railroad Co.*, 68 N. J. L. 421, approved and followed; *Johnson* v. *Central Railroad Co. of New Jersey*, 109 *Atl. Rep.* 359, criticised.

On appeal from the Camden County Circuit Court.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Albert T. Woodruff.*

The opinion of the court was delivered by

PARKER, J.   Plaintiff's motor car was wrecked by a train at a highway crossing over defendant's railroad line, and he brought his action for damages, alleging negligence in that the statutory signal by bell or whistle was not given, and also because "defendant's crossing watchman failed and neglected to warn plaintiff of the approach of said train, notwithstanding the fact that he was placed and maintained there for that purpose." With the phase of the case relating to statutory signals we are not concerned at this time, the

present appeal being based on two exceptions which raise substantially the same question. The first challenges the propriety of an instruction to the jury that if they should find that the defendant company placed a watchman on the crossing, and that he failed to perform the functions that he was placed there for, namely, the warning of travelers upon the highway, they might infer from that act a want of care by the railroad company. The second exception brings up a refusal to charge that "the failure of the crossing watchman to be out on the crossing in time to warn the plaintiff of the approach of the train, if you believe there was such a failure, cannot be considered by you as a ground of negligence, but only with respect to the contributory negligence of the plaintiff." The argument made at the trial, and reiterated here, seems to be that the railroad crossing acts of 1909 (*Pamph. L., pp.* 54, 137; *Comp. Stat., p.* 4238) relating to safety gates, bell or other device, or flagman at crossings, "are directed to the question of contributory negligence of travelers on the highway, and do not increase the obligation of a railroad company." We quote the language of appellant's brief, in which it seems to be taken for granted that apart from the acts of 1909, already cited, a railroad company which assumes to guard a crossing by a flagman, or gates, or some other special provision to warn travelers about to cross, is not chargeable with negligence if for any reason the flagman fails to function, or the appliances fail to work, and injury results. The trial judge followed the ruling in the Supreme Court case of *Wolcott v. New York and Long Branch Railroad Co.,* 68 *N. J. L.* 421, in which the headnote, which accurately epitomizes the decision, reads as follows: "When a railroad company assumes to protect a highway crossing by a flagman, it is responsible for injuries received at that crossing by a traveler on the highway, which have resulted solely from the negligence of such flagman; and that responsibility exists notwithstanding the company is under no legal obligation to so protect the crossing."

The precise question considered in the Wolcott case has never, we think, been directly dealt with by this court; but

if not, we have no hesitation in concurring in the rule there laid down. In fact, the existence of a long line of decisions in this court and the Supreme Court, prior to the enactment of the acts of 1909, in which, expressly or *sub silentio* the action or non-action of a flagman, or the open condition of crossing gates, or the like, have been treated as in effect an invitation to cross, points to the implication that under such circumstances the primary negligence of the railroad company was clearly inferable; the main discussion revolving around the matter of contributory negligence, which, of course, must have primary negligence to rest upon. An abstract of such decisions would be of interest, but is unnecessary and would unduly prolong this opinion; they are cited here for convenience. *New Jersey Railroad Co.* v. *West*, 32 *N. J. L.* 91; 33 *Id.* 430; *Colgan* v. *Pennsylvania Railroad Co.*, 9 *N. J. L. J.* 299; *Berry* v. *Pennsylvania Railroad Co.*, 48 *N. J. L.* 141; *Swanson* v. *Central Railroad Co.*, 63 *Id.* 605; *Smith* v. *Atlantic City Railroad Co.*, 66 *Id.* 307; *Tubello* v. *Delaware, Lackawanna and Western Railroad Co.*, 67 *Id.* 581; *Davis* v. *Central Railroad Co., Id.* 660; *Siracusa* v. *Atlantic City Railroad Co.*, 68 *Id.* 446; *Horandt* v. *Central Railroad Co.*, 78 *Id.* 190, 194, where failure to ring the crossing bell was held not cognizable as negligence because plaintiff's intestate did not know it was there, and consequently could not have relied on it. *Napodensky* v. *West Jersey and Seashore Railroad Co.*, 85 *Id.* 336, where the failure of the crossing bell to ring is called a "feature of liability." *Petit* v. *West Jersey and Seashore Railroad Co.*, 86 *Id.* 298.

In *Nadasky* v. *Public Service Railroad Co.* (a corporation organized under the General Railroad act), reported in 97 *N. J. L.* 400, defendant's car blocked the crossing, and a charge of negligence because of failure of the crossing signals to work was negatived by the Supreme Court on the ground that they were intended to warn only of approaching trains and not of those actually on the crossing.

In *Brown* v. *Erie Railroad Co.*, 87 *N. J. L.* 487 (at *p.* 494), the Wolcott case is cited with apparent approval.

The rule as enunciated in 33 *Cyc.* 946 is: "Where a flagman is employed or a gate established, whether such a duty is imposed by statute or not, the person in charge is bound to perform his duties with reasonable care and prudence, and a failure to do so is negligence for which the railroad company is liable." This is supported by the case of *State* v. *Boston and Maine Railroad Co.*, 80 *Me.* 430; 15 *Atl. Rep.* 36, cited in the note, and *Kissenger* v. *New York and Harlem Railroad Co.*, 56 *N. Y.* 538. We need not multiply authorities.

The *Nadasky Case, supra,* is relied on by defendant-appellant, but, as we have seen, is really helpful to the plaintiff. Appellant also relies on the Supreme Court *per curiam* decision in *Johnson* v. *Central Railroad Co.*, 109 *Atl. Rep.* 359, not officially reported. It does not appear from the report in that case whether the plaintiff therein was relying on the statutes of 1909 as a basis of recovery. But if the Supreme Court meant to say that a railroad company voluntarily installing a signal bell at a crossing as a notice to travelers of approaching trains is under no common law duty of care touching the proper operation of such bell, we are unable to concur in that view, and adhere to the ruling in the Wolcott case. We agree, also, that from the failure of the flagman to do his duty and be out on the crossing in time to give proper warning, negligence of the company is *prima facie* inferable.

Both the charge and the refusal to charge were correct, and the judgment will, accordingly, be affirmed.

*For reversal*—None.