WOODRUFF, Appellant, vs. ELLENBECKER, Respondent.

*October 13—November 8, 1927.*

*Landlord and tenant: Negligence: Landlord creating trap on premises.*

1. The owner of premises may not create a trap or snare thereon and so induce his tenant to use it as to cause him injury. p. 170.
2. In an action by a tenant against his landlord for injuries suffered as the result of the falling of the cover of a rubbish receptacle, which previously would stay up without being fastened, and which the landlord had repaired in the tenant's absence and without notice to her, the facts are *held* to present a jury question as to negligence and contributory negligence. p. 171.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Ozaukee county: CHESTER A. FOWLER, Judge. *Reversed, with directions.*

This is an appeal from a judgment dismissing the plaintiff's complaint with costs.

Action for personal injuries received by the plaintiff by reason of the cover of a box used for the deposit of rubbish falling upon the plaintiff's chest, resulting, as alleged, in very serious injury.

The box was about two and one-half feet high and was set against a shed in the rear of a cottage on defendant's premises. The plaintiff was defendant's tenant, and the box was intended to be and was necessarily used by the plaintiff for the deposit of rubbish. On top of the box was a cover with hinges, and this cover, when open, would rest against the side of the shed, and when closed pitched downward, the outer edge extending over the box. The cover was constructed of boards seven eighths of an inch thick and two and one-half feet wide. When extended upward, the outer edge of the cover would reach about five feet above the ground.

The plaintiff, prior to her injury, had occupied the premises of the defendant as tenant for about eight years. She had used this box during that time. During all this time the cover, when raised, leaned back against the shed to such an extent that it would stay open. Some time prior to the accident the cover became in need of repair, and it was repaired by the defendant. In making the repairs the hinges were placed further back toward the shed so that the cover, when raised, would fall back on the box unless very carefully adjusted. When the repairs to the box were made, the plaintiff was away from home and did not know that the same were made. When she used the box for the first time after its repair, she received the complained-of injury. She had no knowledge of the change in the construction of the cover at the time. She raised the cover, as she theretofore had done, and when about to deposit rubbish therein the cover fell back upon her and she received the injuries com-

plained of. The complaint alleges that the repairs were negligently made, and failure to notify plaintiff of the change in construction.

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Willet M. Spooner,* of counsel, and oral argument by *Howard A. Hartman,* all of Milwaukee.

For the respondent there was a brief by *Schanen & Huiras* of Port Washington, and oral argument by *Peter M. Huiras.*

CROWNHART, J. The circuit court dismissed the complaint on the ground, as stated by him, that it was—

"Just a simple proposition—there is a contrivance there that is just as simple as any contrivance can be made. It is perfectly obvious if you lift up that cover, unless you hold it, or prop it, it is going to fall down. . . . There is no negligent construction about it. It is bare—it is just as simple a thing as can be made. One is never obliged to give warning of what is perfectly obvious. Now, it is obvious that is going to fall down unless it is held up, or fastened up. A man, in putting the hinges on again, is not bound to warn people that it will fall down; and there is the basis of your liability. One is bound to see and perceive what is entirely manifest on observation. The point is, I can't see any possible negligence on the part of the defendant here. He made something that is absolutely simple—he repairs a cover there—fixed those hinges; and he is not bound to assume that anybody is not going to look what they are doing, and things of that kind."

The court obviously overlooked the fact that while this was a very simple contrivance, by reason of the manner in which it was first made and used by the plaintiff over a long period of time the cover would stay up when raised, and that after the repairs were made the cover was so changed that it would fall down unless held up. The plaintiff had received no warning of the change, and we do not think it was readily obvious to the plaintiff that the change had been made. It was quite natural for her to assume that

the cover would stay up as it had in years gone by, and from force of habit to again use it as she had for many years. The most simple contrivance may constitute a dangerous trap or snare to a person using it. A loose board in the sidewalk is a very simple matter, but such a contrivance has been held a dangerous trap or snare to the pedestrian,—not because of its simplicity, but because of hidden danger lurking therein. *Raether v. Mentor,* 142 Wis. 238, 125 N. W. 468.

The owner may not make a trap or snare on his premises and so induce his tenant to use it as to cause him injury. Even as to licensees, the owner may be held liable under such circumstances. *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664; *Zetley v. Jame Realty Co.* 185 Wis. 205, 201 N. W. 252. An invitee on the premises of the owner is entitled to protection against an ordinary simple contrivance if, by reason of its construction and location, it conceals a defect or danger. *Lehman v. Amsterdam C. Co.* 146 Wis. 213, 131 N. W. 362. It has been held that where a flagman has usually been maintained at a crossing, his withdrawal without notice to the public, which has a right to rely upon his presence, may in and of itself constitute a want of ordinary care, because "the traveler might in this way be lured into danger, when, if no flagman had ever been kept there, he would not have looked for such a signal, but would have looked and listened for other signs of an approaching train." *Burns v. North Chicago R. M. Co.* 65 Wis. 312, 315, 27 N. W. 43; also *Gundlach v. C. & N. W. R. Co.* 172 Wis. 438, 179 N. W. 577, 985.

The principle is applicable to this case. The plaintiff had been using this box for a long period of time when it was so constructed that the cover would stay up without being fastened, and then the landlord, without her knowledge and without any warning to her, changed the condition of the cover so that it would not stay up. The plaintiff had been lured into a danger that was not necessarily obvious to her.

The respondent relies upon *Holt v. C., M. & St. P. R. Co.* 94 Wis. 596, 69 N. W. 352, known as the "Pinch-bar case," and *Borden v. Daisy R. M. Co.* 98 Wis. 407, 74 N. W. 91, known as the "Step-ladder case." In neither of these cases was the plaintiff lured into the use of a dangerous contrivance, and in both such cases the plaintiffs were using the instrumentalities for the first time, and the court held that they should have made a simple inspection that would have disclosed the defect. Other cases are cited by respondent to the same effect.

We are of the opinion that the facts in this case presented a jury question as to negligence and contributory negligence.

This disposition of the matter makes unnecessary a consideration of the safety statutes, ch. 101.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

ESCHWEILER, J. (*dissenting*). Because I can see in this record no showing of any duty imposed by law upon defendant for alleged breach of which he can be held liable in tort, I must dissent.

There is no showing that defendant knew that plaintiff relied upon the prior situation of this cover as to remaining open. The cover was out of repair, with the hinges broken, for some time, and had been used by plaintiff while in such imperfect condition. The repairs, ordered by defendant upon notice from the city, consisted in replacing with new and heavier boards, a new adjustment of the hinges, and a painting of the cover.

I can see no ground for holding that under these facts and circumstances there was duty resting upon defendant to notify all the tenants and the members of their families who might go to this refuse box that such repaired cover, when lifted up, would fall, unless in some manner supported. It would seem that plaintiff was bound to know, without specific instructions, that the law of gravity was ever present,

invariable, and instantaneous, and that unless such a cover was in some manner supported when open it would immediately fall.  I can see no element of a trap or hidden danger in such situation and no law imposed duty to warn.