## ERIE R. CO. v. STEWART.
### No. 5350.

Circuit Court of Appeals, Sixth Circuit.
May 13, 1930.

E. A. Foote and B. D. Holt, both of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for appellant.

William R. Day, of Cleveland, Ohio (Day & Day, of Cleveland, Ohio, John A. Elden, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

HICKENLOOPER, Circuit Judge.

Stewart, plaintiff below, was a passenger in an automobile truck, sitting on the front seat to the right of the driver, a fellow employee of the East Ohio Gas Company. He recovered a judgment in the District Court for injuries received when the truck was struck by one of the defendant's trains at the 123d street crossing in the city of Cleveland. Defendant maintained a watchman at this crossing, which was admittedly heavily traveled, but the watchman was either within the shanty or just outside of it as the train approached, and he gave no warning until too late to avoid the accident. Two alleged errors are relied upon. The first to be considered is that the plaintiff, even though a passenger, was shown to be guilty of contributory negligence as a matter of law.

The doctrine of imputed negligence does not prevail in Ohio (Street Ry. Co. v. Eadie, 43 Ohio St. 91, 1 N. E. 519, 54 Am. Rep. 802), and no facts were shown to bring the case within the doctrine of New York C. & St. L. R. R. Co. v. Kistler, 66 Ohio St. 326, 64 N. E. 130, and Erie R. Co. v. Hurlburt, 221 F. 907 (C. C. A. 6), as showing assumption by the plaintiff of a share in the responsibility for vigilance. Conceding that the plaintiff was under obligation to exercise such care as a reasonably prudent person would exercise under the same or similar circumstances, this court has so frequently held that there is a qualified assurance of safety in the absence of the flagman or the failure to lower the gates that the citation of authority would seem unnecessary. However, see Zimmerman v. Pennsylvania R. Co. (C. C. A.) 252 F. 571; Wabash R. Co. v. Glass (C. C. A.) 32 F.(2d) 697; Leuthold v. Pennsylvania R. Co. (C. C. A.) 33 F.(2d) 758. The question of the contributory negligence of the plaintiff was properly left to the determination of the jury.

The second contention of appellant presents the question whether the court erred in charging the jury that the absence of the watchman, where one had been maintained by the defendant company at a highway crossing over a long period of time to the knowledge of the plaintiff, would constitute negligence as a matter of law. In the present case it is conceded that the employment of the watchman by the defendant was voluntary upon its part, there being no statute or ordinance requiring the same, and that plaintiff had knowledge of this practice and relied upon the absence of the watchman as an assurance of safety and implied invitation to cross. We are not now concerned with the extent of the duty owing to one who had no notice of the prior practice, nor, in this aspect of the case, with the question of contributory negligence and the extent to which the plaintiff was relieved from the obligation of vigilance by the absence of the watchman. The question is simply whether there was any positive duty owing to the plaintiff in respect to the maintenance of such watchman, and whether a breach of such duty is so conclusively shown as to justify a peremptory charge of negligence. The question whether such negligence was the proximate cause of the injury was properly submitted to the jury.

Where the employment of a watchman or other precaution is required by statute, existence of an absolute duty to the plaintiff is conclusively shown, and failure to observe the statutory requirement is negligence per se. Hover v. Denver & R. G. W. R. Co., 17 F.(2d) 881, 883 (C. C. A. 8); C. H. & D. R. Co. v. Van Horne, 69 F. 139 (C. C. A. 6).

The same doctrine applies in Ohio where the watchman is required by ordinance. Schell v. Du Bois, 94 Ohio St. 93, 113 N. E. 664, L. R. A. 1917A, 710. Conversely, where there is no duty prescribed by statute or ordinance, it is usually a question for the jury whether the circumstances made the employment of a watchman necessary in the exercise of due care. Rothe v. Pennsylvania Co., 195 F. 21 (C. C. A. 6). Where the voluntary employment of a watchman was unknown to the traveler upon the highway, the mere absence of such watchman could probably not be considered as negligence toward him as a matter of law, for in such case there is neither an established duty positively owing to such traveler as a member of the general public, nor had he been led into reliance upon the custom. The question would remain simply whether the circumstances demanded such employment. But where the practice is known to the traveler upon the highway, and such traveler has been educated into reliance upon it, some positive duty must rest upon the railway with reference thereto. The elements of invitation and assurance of safety exist in this connection no less than in connection with contributory negligence. The company has established for itself a standard of due care while operating its trains across the highway, and, having led the traveler into reliance upon such standard, it should not be permitted thereafter to say that no duty required, arose from or attached to these precautions.

This duty has been recognized as not only actual and positive, but as absolute, in the sense that the practice may not be discontinued without exercising reasonable care to give warning of such discontinuance, although the company may thereafter do all that would otherwise be reasonably necessary. American Law Institute, Restatement of the Law of Torts, Tentative Draft No. 4, Comment f to § 183. Conceding for the purposes of this opinion that, in cases where a watchman is voluntarily employed by the railway in an abundance of precaution, the duty is not absolute, in the same sense as where it is imposed by statute, still, if there be some duty, it cannot be less than that the company must use reasonable care to see that reliance by members of the educated public upon its representation of safety is not converted into a trap. Responsibility for injury will arise if the service be negligently performed or abandoned without other notice of that fact. Passarello v. West Jersey, etc., R. Co., 98 N. J. Law, 790, 121 A. 708; Birmingham So. R. Co. v. Harrison, 203 Ala. 284, 82 So. 534,

544; C., N. O. & T. P. Ry. Co. v. Prewitt's Adm'r, 203 Ky. 147, 150, 262 S. W. 1. If this issue of negligent performance be disputed, the question would still be for the jury under the present concession. But if the evidence in the case justifies only the conclusion of lack of due care, or if the absence of the watchman or the failure to give other notice of his withdrawal be wholly unexplained, so that but one inference may be drawn therefrom, the court is warranted in instructing the jury that, in that particular case, negligence appears as a matter of law.

So, in the present case, the evidence conclusively establishes the voluntary employment of a watchman, knowledge of this fact and reliance upon it by the plaintiff, a duty, therefore, that the company, through the watchman, will exercise reasonable care in warning such travelers as plaintiff, the presence of the watchman thereabouts, and no explanation of the failure to warn. Therefore, even though the duty be considered as qualified, rather than absolute, a prima facie case was established by plaintiff, requiring the defendant to go forward with evidence to rebut the presumption of negligence thus raised, or else suffer a verdict against it on this point. See discussion of burden of proof and presumptions in Insurance Co. v. Ross, 30 F.(2d) 80 (C. C. A. 6). No such evidence was introduced by defendant. No other inference than that of negligence could therefore be drawn from the evidence. If, perhaps, the rule was stated more broadly than this in the charge, the error, if any, was harmless as applied to the present case.

While the authorities do not always distinguish between the effect of the absence of the watchman as relieving the plaintiff of some of his duty of vigilance, and as establishing defendant's negligence, while some confusion often arises by failure to discuss and distinguish cases of negligence per se and those where the neglect of the defendant is considered solely as evidence of negligence, and while there is a somewhat general lack of careful analysis of precedent and the principles of law involved, the conclusions which we have here announced are in harmony with the general trend of judicial thought and expression. Cf. American R. Co. of Porto Rico v. Ortega, 3 F.(2d) 358 (C. C. A. 1); Sights v. Louisville & N. R. Co., 117 Ky. 436, 78 S. W. 172; Montgomery v. Missouri Pac. Ry. Co., 181 Mo. 477, 79 S. W. 930; Burns v. North Chicago Rolling Mill Co., 65 Wis. 312, 27 N. W. 43; Ernst v. Hudson River R. Co., 39 N. Y. 61, 100 Am. Dec. 405; Dolan v. Delaware & Hudson

Canal Co., 71 N. Y. 285; St. L., V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; Chicago & A. Ry. Co. v. Wright, 120 Ill. App. 218; 33 Cyc. 946; and the cases already above cited.

The judgment of the District Court is affirmed.

TUTTLE, District Judge.

I concur in the result reached by the opinion of the majority of the court. I cannot, however, concur in the views, expressed in that opinion, which would make the actionable negligence of the defendant dependent upon the knowledge of the plaintiff, previous to his injury, of the custom of the defendant in maintaining a watchman at the crossing where such injury occurred. It is settled law that a railroad company operating trains at high speed across a public highway owes to travelers properly using such highway the duty to exercise reasonable care to give such warning of approaching trains as may be reasonably required by the particular circumstances. It is equally well settled that the standard of duty thus owed to the public, at least where not otherwise prescribed by statutory law, consists of that care and prudence which an ordinarily prudent person would exercise under the same circumstances. I am satisfied that where, as here, a railroad company has established a custom, known to the general public, of maintaining a watchman at a public crossing with instructions to warn the traveling public of the approach of trains, such railroad company, in the exercise of that reasonable care which it owes to the public, should expect, and is bound to expect, that any member of the traveling public approaching such crossing along the public highway is likely to have knowledge of, and to rely upon the giving of such warning. Such knowledge, with the consequent reliance, may be acquired by a traveler at any time, perhaps only a moment before going upon the crossing; and this also the railroad company is bound to anticipate. Having, in effect, given notice to the public traveling this highway that it would warn them of trains at this crossing, I think that it was bound to assume (at least in the absence of knowledge to the contrary) that every member of such public would receive, and rely on, such notice. Under such circumstances such a railroad company, in my opinion, owes to every traveler so approaching this crossing a duty to give such a warning, if reasonably possible, and a, reasonably prudent railroad company would not fail, without sufficient cause, to perform that duty. It follows that the unexplained failure, as in the present case, of the defendant to give this customary warning to the plaintiff, a traveler on the highway approaching this crossing, indicates, as a matter of law, actionable negligence for which it is liable. While undoubtedly lack of reliance by plaintiff upon the custom of the defendant has an important bearing and effect upon the question whether the plaintiff was guilty of contributory negligence, it seems to me clear that the knowledge or lack of knowledge of the plaintiff, unknown to the defendant, concerning such custom cannot affect the nature or extent of the duty owed to the plaintiff by the defendant or the performance of such duty. As therefore the conclusions expressed in the opinion of a majority of the court are, to the extent which I have thus indicated, not in accord with my own views in this connection, I have felt it my duty to briefly state such views in this separate concurring opinion.