## NASHVILLE, CHATTANOOGA & ST. LOUIS RAIL-WAY *v.* WHITE, ADMINISTRATOR, ET AL.

## SAME *v.* SAME.

Nos. 135 and 169. Argued January 11, 1929.—Decided February 18, 1929.

*Mr. Fitzgerald Hall,* with whom *Messrs. Frank Slemons and Walton Whitwell* were on the brief, for plaintiff in error and appellant.

458

*Mr. Walter P. Armstrong,* with whom *Messrs. Julian C. Wilson, Elias Gates,* and *Wm. M. Colmer* were on the brief, for defendants in error and appellees.

Mr. JUSTICE HOLMES delivered the opinion of the Court.

These are actions brought against the plaintiff in error and appellant for causing the death of W. B. White and personal injuries to the other plaintiffs by running down an automobile at a grade crossing in the city of Memphis. The plaintiffs obtained judgments that were affirmed by the Supreme Court of Tennessee. W. B. White, who was killed, was driving the car, and his son, R. D. White, one of the plaintiffs, was sitting by his side. The Court states that both knew the Railway not to maintain a flagman and that they were grossly negligent in going upon the track. (*Baltimore & Ohio R. R. Co.* v. *Goodman,* 275 U. S. 66.) The Court held, however, that the proximate cause of the injuries was the Railway's failure to comply with an ordinance of Memphis requiring all railroads on every street crossed by their trains to keep a flagman constantly on duty, to give warning of approaching trains by waving a flag in daytime and a red lighted lamp by night, until the engine had crossed the street. The validity of this ordinance is the only question open before us here.

The Railway had substituted for the flagman an electric signal on one side of the street and about fifteen feet above it that gave warning by flashing a light and ringing a bell and was set in operation mechanically by the train when it came within 2,500 feet of the crossing. The contrivance

was testified to be in general use and was said to be cheaper and in some ways at least better than the old precautions. The Railway contended that the ordinance enacted at the beginning of 1880 was valid no longer in view of the modern improvement and that to enforce it now would be to enforce an unnecessary burden on interstate commerce and would be so arbitrary as to amount to a denial of due process of law. *Galveston Electric Co.* v. *Galveston,* 258 U. S. 388, 400. (It may be mentioned that the train concerned was engaged in interstate commerce.) But the crossing in question was said by the Court to be a dangerous one where there was pretty constant travel by night and day, and it was held that as applied to such a crossing it could not be said that the ordinance was so indisputably unnecessary and unreasonable that the legislative judgment could be overruled.

We are compelled to take the same view. The legislative arguments in favor of the Railway are manifest and we may conjecture that it is only a matter of time before the old methods of guarding grade crossings will have disappeared unless the grade crossings precede them. But if the ordinance were passed today and came up for a decision upon its validity, it could not be denied that a man in the middle of the street or near to it and intent on stopping traffic might stop some travellers who might not notice electric signs. There is a marginal chance that occasionally a life may be saved. In this very case it is at least possible that a man on the ground would have stopped the plaintiffs, they not being intent on suicide. No doubt legislatures do neglect such marginal chances. Many modern improvements must be expected to take their toll of life. When a railroad is built experience teaches that it is pretty certain to kill some people before it has lasted long. But a Court cannot condemn a legislature that refuses to allow the toll to be taken even if it

thinks that the gain by the change would compensate for any such loss. It follows that we must affirm the judgments below. See *Zahn* v. *Board of Public Works*, 274 U. S. 325, 328.

There were some exceptions to the exclusion of evidence. But if they could be considered in any case they went only to proof that the new device is better than the old. We assume it to be so, but regard that assumption.as not controlling the point considered here.

As appeal was the proper mode of bringing the cases to this Court the writs of error may be dismissed.

*Judgment affirmed.*