## WABASH RY. CO. v. GLASS.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1929.

No. 5167.

Gustavus Ohlinger, of Toledo, Ohio (Smith, Beckwith, Ohlinger & Froehlich, of Toledo, Ohio, on the brief), for appellant.

Fred W. Warner, of Marion, Ohio (Carhart & Warner, of Marion, Ohio, and Brown, Hahn & Sanger and Sholto M. Douglas, all of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. Plaintiff in the court below, hereinafter referred to as plaintiff, was injured in a daylight grade crossing accident on a heavily

698

traveled crossing in the city of Ft. Wayne, Ind., when the automobile in which she was a passenger was struck by one of the defendant's trains. There was substantial evidence at the trial tending to prove negligence on the part of the defendant in the employment of an inefficient and partially incapacitated crossing watchman, in permitting the gates at the crossing to become in disrepair and/or in failing to lower them upon approach of the train, and in running the train at a negligent speed considering the density of the traffic and the obstructions to the view. There were no exceptions to the charge of the court in submitting either the issue of defendant's negligence or of plaintiff's contributory negligence to the jury. The verdict and judgment were for plaintiff.

■ The principal contentions of defendant here are that the court below erred in refusing to direct a verdict on the ground that, as a matter of law, plaintiff must be held guilty of contributory negligence, and also erred in admitting evidence of what was said by another occupant of the automobile immediately before the accident. Just before reaching the tracks, they being four in number, the plaintiff noticed the gates were up. The speed of the automobile was decreased to a marked degree, and the father of the plaintiff, owner of the car, cautioned the driver, "Carl, be careful." Plaintiff testified that she looked to left and right as they started to cross, but her view was obstructed by standing freight cars and she did not see nor hear the approaching train. As they crossed, the watchman started to lower the gates. The automobile was struck on the furthermost or fourth track.

We find no error in the admission of evidence of the statement of the plaintiff's father. Even if not properly considered as part of the res gestæ, the fact that this statement was made had direct bearing upon the degree of care exercised by plaintiff herself. It was not admitted to prove the exercise of care by the driver but to show, by the fact that the driver was cautioned, that the plaintiff was relieved of the necessity of repeating such caution. This act by one of the passengers might, we think, be considered as adopted by and the act of all.

■ Nor do we think the doctrine of Baltimore & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, can be extended to cover the present case. This court has consistently held that open gates are "in the nature of or analogous to an invitation to the traveler to cross" and "lessen the degree of care otherwise incumbent upon persons about to cross a railroad." The individual, whether driver or passenger, is still under obligation to exercise "ordinary care" or "reasonable prudence," but under the facts of this case it was clearly a question for the jury whether the conduct of plaintiff, a passenger, fell within such definition of due care. Pennsylvania Co. v. White, 242 F. 437, 438 (C. C. A. 6); Landers v. Erie R. Co., 244 F. 72 (C. C. A. 6); Detroit United Ry. v. Weintrobe, 259 F. 64, 66 (C. C. A. 6). Cf. Zimmerman v. Pennsylvania Co., 252 F. 571 (C. C. A. 6); Canadian Pac. R. Co. v. Slayton, 29 F.(2d) 687 (C. C. A. 2).

We have examined the other assignments of error, but find them without merit and deem individual consideration of them unnecessary.

Affirmed.