## LEUTHOLD et al. v. PENNSYLVANIA R. CO.

Circuit Court of Appeals, Sixth Circuit. June 29, 1929.

Nos. 5187, 5188.

Gallinger & McCarron, Alfred S. Leuthold, and Charles F. Schaber, all of Bucyrus, Ohio, for appellants.

Squire, Sanders & Dempsey, W. C. Boyle, and Thos. M. Kirby, all of Cleveland, Ohio, for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. These suits for damages grow out of a collision of a train with an automobile at a railroad crossing on one of the principal streets of Bucyrus, Ohio. The plaintiffs are father and son. According to their evidence, they approached the crossing at a speed of 10 or 12 miles an hour, and, as they did so, sheds and buildings of the company obstructed their view of the train until they were too close to the track to stop their car and avoid the collision. It was the custom of the company to have a flagman at the crossing when trains were approaching it. Both of the plaintiffs were familiar with that custom, which had existed for eight or nine years, and both of them testified that they looked for the flagman, but failed to see him. There was also evidence of negligence on the part of the trainmen in operating the train at an excessive rate of speed in violation of a city

ordinance, and in failing to signal its approach to the crossing. The lower court was of opinion that the cases were governed by B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and directed verdicts for the defendant.

It is inferable from the evidence that it was the practice of the flagman, when trains were approaching the crossing, to stand in plain view of those upon the street and warn them of the danger of using it; also that on this occasion the flagman was not present at the crossing. In Erie R. Co. v. Schultz, 183 F. 673 (6 C. C. A.) the plaintiff waited before closed gates until a passing train had gone. The gates were lifted, and in crossing the track he was struck and injured. The court held that he was not under the same absolute duty to look and listen as soon and as far as physical obstacles would permit which he would have borne if the crossing had been unguarded, but was only under the duty to use his sight and hearing as soon and as far as a man of ordinary prudence would do under similar circumstances, and that the latter question was one for the jury. In Hines v. Smith, 270 F. 132 (6 C. C. A.) the gates were open and the gateman in full view when the traveler approached the crossing, and it was held that the question of contributory negligence was one for the jury, the court saying: "Where safety gates maintained at street crossings are open at the time of the accident, contributory negligence is, except in extraordinary cases, a question for the jury." The opinion in that case cites a number of decisions of this court recognizing that the open gate is in the nature of an invitation to cross, and that the presence of such fact in a case generally makes the question of contributory negligence one for the jury. See also Landers v. Erie R. Co., 244 F. 72 (6 C. C. A.), and Wabash Railway Co. v. Glass, 32 F.(2d) 697 (6 C. C. A.).

It is contended for the railroad company that the cases referred to are inapplicable because they involved something that was done or was not done in the presence of the traveler which might reasonably have been accepted by him as an invitation to cross—as where he was stopped by the gates and they were then raised, or where they were up when he approached and the flagman was present and saw him but did not lower them. But while such circumstances are to be given effect, they have not been held by this court to be controlling. In Detroit Ry. v. Weintrobe, 259 F. 64 (6 C. C. A.) there was a crossing bell that failed to ring, and in Zim-merman v. Pennsylvania Co., 252 F. 571 (6 C. C. A.) the accident occurred while the flagman was temporarily absent. In the latter case the court held that the absence of the flagman might have operated as a "token of safety in crossing, and as an invitation in that behalf to persons familiar, * * * with the custom observed at the crossing"; that the situation was similar in principle to that of open gates and the implied assurance and invitation their position signified to persons intending to pass over the crossing. That case in all of its essential features is directly in point, and we find no duty of modification thereof in any of the later decisions. In the Goodman Case[1] the accident occurred at a country crossing where the company did not maintain gates or a flagman. It is not to be construed, we think, as applying to a city crossing where a flagman is maintained and the necessities of the traffic require reliance upon his warning.

The judgments are reversed, and the causes remanded for further proceedings.

[1] Note the references to this case in Nashville, Chattanooga & St. Louis Ry. Co. v. White, 278 U. S. 456, 49 S. Ct. 189, 73 L. Ed. —; Norfolk & Western Railway Co. v. Holbrook, 27 F.(2d) 326 (6 C. C. A.), and Canadian Pacific Ry. Co. v. Slayton, 29 F.(2d) 687 (2 C. C. A.).