### TEAGUE v. ST. LOUIS SOUTHWESTERN RY. CO.

Circuit Court of Appeals, Fifth Circuit.
November 25, 1929.

Rehearing Denied December 20, 1929.

No. 5569.

Wright Patman, of Texarkana, Tex. (J. A. R. Moseley, Jr., and S. I. Robison, both of Texarkana, Tex., and George W. Johnson,

of New Boston, Tex., on the brief), for appellant.

J. Q. Mahaffey, of Texarkana, Tex. (J. R. Turney, of St. Louis, Mo., and John J. King, J. I. Wheeler, and C. E. Bryson, all of Texarkana, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an action for damages which resulted from a train of the appellee railroad company striking appellant's automobile truck which he was driving, and injuring him, at a grade crossing in the city of Texarkana, Ark. It was based on the alleged negligence of appellee in failing to maintain a proper warning of the approach of the train.

The collision occurred in the daytime on Jackson street where the railroad crosses it at slightly less than right angles. Appellant testified that he was not familiar with the crossing; that as he approached it he stopped, looked, and listened, but did not see or hear the train; that his view was obstructed by tank cars on a side track in the direction from which the train came; that an electric gong just across the track was silent, and he relied on it as indicating that no train was dangerously near. The testimony of the other witnesses was to the effect that, at the time of the collision, there were many automobiles on Jackson street at and near the railroad crossing; that the train was coasting down hill and making but little noise; that the electric gong had been out of repair for three weeks or more, but no notice of its condition was posted; and that no watchman was stationed to warn people about to cross of danger from approaching trains.

At the close of appellant's evidence, the trial judge directed a verdict for appellee; it being his opinion that the case was controlled by the decision of the Supreme Court in Baltimore & Ohio Ry. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645.

We are of opinion that the facts of this case distinguish it from the Goodman Case, and that it was error to refuse to submit the case to the jury for their determination of the question whether appellant was guilty of such contributory negligence as would bar a recovery. In the Goodman Case the injury complained of was received at a grade crossing in a village, and the railroad company had not undertaken to provide gates which would prevent people from crossing the track, or any automatic signal device which would give warning of the approach of trains. In Canadian Pacific Ry. Co. v. Slayton (C. C. A.) 29 F.(2d) 687, it was held that the leaving open of gates was in effect a representation that the crossing was safe, and this circumstance was relied on to distinguish that case from the Goodman Case. In this case an electric gong was maintained for the purpose of indicating danger when a train was approaching, but it equally indicated lack of danger when a train was not approaching. The silence of the gong amounted to a representation or assurance by the railroad company that the crossing for the time being was safe. The failure of the gong to function was misleading to the public, and had continued for a sufficient length of time to impute notice to the railroad company, and therefore to authorize the jury to infer that it was negligent. Appellant, who according to his testimony was ignorant of the fact that the gong was out of repair, was entitled to rely on it and proceed to cross the railroad in the belief that he could safely do so. As the silence of the gong indicated absence of danger, appellant should not, in our opinion, be held as a matter of law to be guilty of contributory negligence.

The judgment is reversed, and the cause remanded for a new trial.