**PENNSYLVANIA R. CO. v. SHINDLE-DECKER.**

No. 5546.

Circuit Court of Appeals, Sixth Circuit.

Nov. 5, 1930.

G. R. Effler, of Toledo, Ohio (Fraser, Hiett, Wall & Effler, of Toledo, Ohio, on the brief), for appellant.

C. L. Deeds, of Toledo, Ohio (Deeds & Cole, of Toledo, Ohio, on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

This is a case of injury to an automobile truck driver at a highway-railway crossing. The only open question is whether a verdict

for defendant should have been instructed, because of plaintiff's contributory negligence.

■ In answer to special questions submitted pursuant to our suggestion in Penna. R. R. v. Stegeman, 22 F.(2d) 69, 72, the jury found that an automatic crossing bell, which should have been set ringing by the approaching train, was not ringing, and that the plaintiff did stop, look, and listen at the properly effective point. For the purposes of this opinion, but without deciding, we may assume that the latter special finding by the jury was inconsistent with the undisputed evidence because, if the supposed view-obstructing cars were where defendant's proofs place them, they did not obstruct, and, if they were where plaintiff says they were, they shut off his view so that he could not look effectively. We further so assume that the existence of possible danger upon the tracks being crossed before coming to the one actually dangerous, and the roughness of the roadway, and the necessity of watching automobiles coming from the opposite direction, did not excuse plaintiff from looking more carefully to his right. We place the affirmance of the submission solely upon the effect of the silent crossing bell in lessening plaintiff's otherwise unescapable obligation to have discovered in time the approaching train, and in therefore so far mitigating his undoubted lack of possible care as to make it a question of fact rather than of law whether his conduct was reasonably prudent. Wabash Ry. v. Glass (C. C. A. 6) 32 F.(2d) 697, 699.

We have many times considered this question, the last in Leuthold v. Pa. R. R., 33 F. (2d) 758. The general rule there stated is not questioned by appellant's counsel; they distinguish that case from this only because they say that here plaintiff's reliance upon the silent bell, as in the nature of an invitation to cross, did not sufficiently appear. True, plaintiff as a witness did not, in so many words, state that reliance; but it did appear that he had driven across at this point daily for many months; that he was thoroughly familiar with this warning bell and was accustomed to hear it above the noise of his engine, so that it was not necessary for him to stop his engine to get the benefit of this protection; and that, at this particular moment, the bell was not ringing and he knew it. Under such conditions, it seems to us there is a reasonable inference, open for adoption for the jury, that plaintiff did rely, in substantial measure, upon the lack of warning from this bell. There would naturally be an established habit of listening for the bell, though perhaps subconsciously, and of relying upon its silence to induce going ahead. If a driver at a particular crossing has been repeatedly stopped or warned by an automatic bell, or flashing light, or swinging signal, or other means familiar to him by which a coming train gives notice of its close approach, and if, on a particular occasion, he is paying sufficient attention to realize that this customary notice is not being given, it is, we think, an entirely permissible inference, even in the lack of any direct proof, that the absence of the usual warning has a substantial effect in leading him to go ahead, and in neutralizing that incessant watchfulness which self-protection would otherwise demand. True, he says that he stopped, looked, and listened. Non constat that the sense of security promoted by the lack of a warning bell did not keep him from looking again, or continually, when such looking would have saved him.

■ We are not cited to any decided case precisely in point. In the present one, plaintiff's petition alleged that the bell had been out of order for some time, but not that he knew it; and no such knowledge on his part should be inferred from the petition, for it would have defeated the purpose of the allegation. His testimony is entirely consistent with the theory that he did not know the bell was out of order; it is more inconsistent with the contrary conclusion. If the defendant had, by its cross-examination, developed that plaintiff did have this knowledge, we would have had a different case.

The judgment is affirmed.