## WABASH RY. CO. v. WALCZAK.
### No. 5693.

Circuit Court of Appeals, Sixth Circuit.
May 6, 1931.

Hal H. Smith, of Detroit, Mich. (Beaumont, Smith & Harris, of Detroit, Mich., on the brief), for appellant.

N. C. Bigelow, of Detroit, Mich. (Dohany & Dohany, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Appellee recovered a judgment in the court below for injuries sustained when the automobile in which he was riding was struck at a grade crossing in the city of Detroit by one of appellant's trains. The only question of serious moment is whether the court below should have directed a verdict under the doctrine of Baltimore & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645. The car belonged to and was being driven by an adult son of appellee, and there was substantial evidence to the effect that, upon reaching the crossing, the automobile was stopped and all of its occupants looked in both directions. Their attention was specifically directed to a "flasher" crossing signal which, they testified, was not operating. Hearing no bell or whistle and seeing no flashing of the lights, the automobile proceeded and had traveled a total distance of 46 feet and 5 inches to the point of collision, as measured from the flasher pole to the nearest rail of the track upon which the train was moving. On this journey three other tracks were crossed. There is some, rather confused, testimony as to box cars situated upon the first and/or second track so crossed, which cars were said to obstruct the view of the approaching train.

The flasher signal was manually operated by a tower man and there is no serious contention by appellant that it was flashing at the time the automobile stopped. The contention is that, notwithstanding the failure of the flasher signal to give warning, the appellee and all other occupants of the automobile were under constant and affirmative obligation to continue to exercise ordinary care for their protection while crossing the three tracks in question, and to continually look and listen for approaching trains. That they did not discover the train by which the automobile was struck is urged as proof positive that they failed in the exercise of this duty of continued care.

Forty-six feet may be considered as a comparatively long distance when it is traveled on foot or even by horse-drawn vehicle. It is a comparatively short distance when traveled by an automobile. This court has repeatedly held that open gates, the absence of a customary watchman, or the failure of crossing signal to operate, lessened the otherwise imperative duty of the traveler to stop, look, and listen, and was the practical equivalent of an invitation to cross. Landers v. Erie R. Co. (C. C. A.) 244 F. 72; Zimmerman v. Pennsylvania Co. (C. C. A.) 252 F. 571; Detroit United Railway v. Weintrobe (C. C. A.) 259 F. 64; Hines v. Smith (C. C. A.) 270 F. 132; Leuthold v. Pennsylvania R. Co. (C. C. A.) 33 F.(2d) 758; Cincinnati, N. O. & T. P. R. Co. v. Rimmer (C. C. A.) 37 F.(2d) 668, 669; Pennsylvania R. Co. v. Shindledecker (C. C. A.) 44 F.(2d) 162.

Practically all of the above-cited cases recognize an obligation upon the part of the traveler to continue in the exercise of ordinary care throughout the crossing journey, but it is the negligence of the plaintiff himself which alone can defeat recovery upon the ground of contributory negligence. The doctrine of imputed negligence is applied in the state courts of Michigan, and the jury was fully instructed that any negligence of the driver would be imputed to the passenger. In the absence of any statute establishing such rule, however, this would seem to be a matter of general law in which the federal courts would not feel obligated to follow those of the state. Cf. Baltimore & O. R. Co. v. Baugh, 149 U. S. 368, 13 S. Ct. 914, 37 L. Ed. 772; Black & White Taxicab Co.

v. B. & Y. Taxi Co., 276 U. S. 518, 529, 48 S. Ct. 404, 72 L. Ed. 681, 57 A. L. R. 426; Illinois Cent. R. Co. v. Hart, 176 F. 245, 52 L. R. A. (N. S.) 1117 (C. C. A. 6); Texas Co. v. Brice, 26 F.(2d) 164, 167 (C. C. A. 6). In a number of our decisions we have distinctly ruled contrary to this doctrine of imputed negligence. Kline v. Pennsylvania R. Co. (C. C. A.) 9 F.(2d) 290; Pennsylvania R. Co. v. Stegaman (C. C. A.) 22 F.(2d) 69; Wabash Ry. Co. v. Glass (C. C. A.) 32 F.(2d) 697; Erie R. Co. v. Stewart (C. C. A.) 40 F.(2d) 855. It is true that each of these cases was an appeal from a District Court in Ohio, where the rule of imputed negligence does not apply, but in Wabash Ry. Co. v. Glass the accident happened in Ft. Wayne, Ind., and no inquiry was made as to the law of the situs. We feel that the sounder doctrine requires that the question of contributory negligence should be determined in each case upon a consideration of the degree of care reasonably to be required of one in the position of the plaintiff at the time of the accident. Viewed in this light, we are of the opinion that the question of plaintiff's contributory negligence was for the jury.

■■ Furthermore, the same result would seem to follow an application of the doctrine of imputed negligence to the facts disclosed by this record. There was substantial evidence of obstructions to view. "The jury had the right to reconcile, as well as they could, conflicts and inconsistencies in the testimony" (Cincinnati, N. O. & T. P. R. Co. v. Rimmer, supra), the distance was comparatively short if regarded in connection with automobile travel, and the driver was lulled into a sense of security by the defendant (Pennsylvania R. Co. v. Shindledecker, supra), and was then suddenly confronted by a situation of great peril even if we assume that he had, too late, discovered the approaching train. We do not think that it can be said that due care required him to exercise that same degree of care in crossing each of the series of tracks, as he was required to exercise before he first entered the place of known danger, or even such as he would otherwise have been required to exercise while crossing, had he not, in substance, been invited to proceed. In the face of emergency one is not held to the same standard of care that he must usually exercise, and, in the absence of negligence in first passing upon the tracks, we cannot say that the driver's conduct in not avoiding the collision must have been regarded as negligent, as a matter of law, even

though it appeared that he had then discovered the approaching train. If this be so, his alleged negligence in not discovering the train cannot bar recovery, as a matter of law, for he was free from negligence in first passing upon the tracks and into the place of danger.

■ The granting or overruling of a motion for a new trial is addressed to the sound discretion of the trial court. The discretion was not abused in this case. Nor do we think there was error in admitting the evidence complained of. Even if, in this particular case, the court permitted counsel to go pretty far, it is not clear that proper exception was taken and the question saved.

The judgment of the District Court is affirmed.