## LOUISVILLE & N. R. CO. v. WICKTON et al.
### No. 6259.

Circuit Court of Appeals, Fifth Circuit.

Feb. 3, 1932.

See, also, 45 F.(2d) 615.

Harry H. Smith, of Mobile, Ala., for appellant.

Walter J. Gex, of Bay St. Louis, Miss., and S. C. Mize, of Gulfport, Miss., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an action to recover damages for the death of James B. Wickton, who was killed as a result of his automobile being struck by a train of the appellant railroad company, at a grade street crossing in the city of Gulfport, Miss. The action is based on the negligence of the railroad company in failing to give warning of the dangerously rapid approach of its train either by ringing the bell or sounding the whistle of the engine. Appellant denied the acts of negligence charged against it, and affirmatively pleaded Wickton's contributory negligence as the sole proximate cause of his death. The trial resulted in a verdict for appellees. Appellant assigns error on the refusal of the trial court to direct a verdict in its favor.

The collision occurred about 11 o'clock at night, at a point where the railroad, running east and west, intersects Thirty-Eighth avenue at right angles, some distance west of the depot. The train was going east toward the depot, and, according to the testimony of the engineer, at a speed not exceeding 30 miles per hour, as he said he had already cut off steam and was coasting. As the train approached the street crossing, Wickton was driving on the north side of the right of way in the opposite direction until just before he reached Thirty-Eighth avenue, where he turned north around a house and then south on that avenue to the railroad track where he was struck. The headlight of the engine was burning, but whether it could have been readily distinguished and recognized as such can only be surmised, as there were a number of street lights and other lights which, to some extent at least, interfered with a clear view of, and diffused the light from, it. Witnesses for appellees estimated the speed of the train at from 45 to 60 miles per hour. There was also a direct conflict in the evidence as to whether warning was being given by the

ringing of the bell or the sounding of the whistle. It was shown practically without dispute that Thirty-Eighth avenue, where it crosses the railroad track, is a much-frequented thoroughfare, as well at 11 o'clock at night, the time of the collision, as in the daytime. Objection was made and exception taken to this testimony on the ground that it was not confined to the time of night when the accident occurred.

■■ In Mississippi, every railroad company is required to cause the bell of a locomotive to be rung or the whistle to be blown continuously for a distance of 300 yards before crossing any highway or municipal street. Mississippi Code, § 6125. In actions for personal injuries, or for death resulting therefrom, contributory negligence is not a bar to recovery, but the damages are diminished in proportion to the amount of negligence attributable to the person injured or killed. Mississippi Code, § 511. On behalf of appellant, it is argued that the deceased must have seen the headlight of the train, as he was meeting it, and that knowing of its immediate approach it was immaterial whether warning was given by bell or whistle, or whether the train was being operated at an excessive rate of speed. In short, the contention is that the deceased, with full knowledge of the danger of attempting to cross the track ahead of the train, took the chances, and caused his death by his own negligence. Undoubtedly the deceased was guilty of contributory negligence, and the trial judge so instructed the jury. He left it to them to diminish the damages in accordance with the statute if they should find that the proximate cause of the collision was the failure to give warning by bell or whistle. We are of opinion that these charges were correct, and that it was not error to refuse tht peremptory instruction. It is not certain that the deceased saw the headlight of the train, and therefore knew that it was approaching. The accident occurred in a city at night, and it was for the jury to say whether the headlight of the engine was lost to view in the street and other lights, or was so confused with them as that it could not be distinguished or recognized, or

determined to be dangerously close to the street crossing. The case is not as simple as it would have been had the accident occurred in the daytime, where the view of one about to cross the railroad track would have been unobstructed, or in the country at night where there would have been nothing to interfere with the shining of the headlight down the track ahead of the train.

The difference between a crossing accident in the daytime and at night is well illustrated in the opinions of Justice Holmes in B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, a case dealing with a crossing accident which occurred in daytime, and in N., C. & St. L. Ry. Co. v. White, 278 U. S. 456, 49 S. Ct. 189, 73 L. Ed. 452, where the accident occurred in a city at night (see 158 Tenn. 407, 15 S.W.(2d) 1), the negligence alleged being the failure to keep a flagman constantly on duty at a street crossing. We must assume, in accordance with the verdict, that neither of the warnings required by the statute was given, and that, notwithstanding his contributory negligence, the deceased would have heard a ringing bell or a sounding whistle, and, if he had, would not have attempted to cross the track immediately ahead of the train. Warning became all the more imperative, whether, as claimed by the engineer, the train was coasting and making less noise than it otherwise would have made, or whether, as is insisted by appellee, it was running at a highly dangerous speed across a much-frequented street. There was no error in admitting testimony to the effect that Thirty-Eighth avenue at its intersection with the railroad was a popular thoroughfare without limiting the proof to the exact time of the accident. It was proper to show generally that the crossing was a busy one as a basis for the inference that it was the duty of the railroad company to take such precautions at all times as were reasonably necessary under the circumstances. Besides, testimony that was unobjected to and uncontradicted disclosed that the crossing was frequently and regularly used at the time of the night that the accident occurred.

The judgment is affirmed.