## MILLER v. AMERICAN CYANAMID CO.

### No. 4815.

Circuit Court of Appeals, Third Circuit.

Sept. 28, 1932.

Raymond H. Berry, of Newark, N. J., for appellant.

Coult, Satz & Tomlinson, of Newark, N. J. (Joseph Coult, of Newark, N. J., of counsel), for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal in an action brought under section 7 of the New Jersey Factory Act, P. L. 1923, p. 158 (Comp. St. Supp. § 107—22), by Gilbert Miller, by his next friend, John Miller, to recover damages for personal injuries sustained by the plaintiff, Gilbert Miller, while employed by the defendant, the American Cyanamid Company. The District Court directed the jury to return a ver-dict in favor of the defendant and entered judgment on the verdict.

The defendant, the American Cyanamid Company, admittedly produces certain acids and chemicals of a poisonous and dangerous nature in the course of its manufacturing processes at its plant near Linden, N. J.

When the plaintiff, Gilbert Miller, was an infant at the age of fifteen years, the defendant employed him in the offices at its plant as an office and messenger boy. The plaintiff's duties consisted of bringing the defendant's mail from the Linden post office, assorting and distributing it throughout the various departments of the plant, collecting time cards, and doing the usual office and messenger services required in such position.

As customary, the plaintiff brought the mail from Linden in an automobile driven by a fellow employee on the morning of January 28, 1929, when he was injured. On arriving at the plant, the plaintiff walked across the yard to the office. He had the heavy mail bag in one hand, and a set of plans in the other. The yard was covered with cinders. He turned his ankle on a large cinder and fell, injuring the shin bone of his left leg, just below the knee. As a result of the injury, it became necessary to amputate the leg.

Section 7 of the New Jersey Factory Act provides that "no minor under the age of sixteen years shall be employed, permitted or suffered to work in, about, or in connection with any processes in which dangerous or poisonous acids are used; * * * or in the manufacture or preparation of compositions with dangerous or poisonous gases or fumes."

Manifestly, to recover under section 7, the plaintiff must have been employed in, about, or in connection with processes in which dangerous or poisonous gases or fumes are used or made. The question of whether or not plaintiff was so employed is a mixed one of law and fact—it is the duty of the court to explain to the jury the legal meaning of "in, about, or in connection with," etc., leaving to the jury to answer if, under the evidence, this plaintiff was employed in a prohibited occupation. Assuming that the plaintiff was employed in a position that the Legislature believed too dangerous to permit exposure thereto of infants under the age of sixteen years, that fact is not dispositive of the questions here involved.

The vexatious question of what meaning is intended to be conveyed by "in, about, or

in connection with," etc., need not at this time be decided. But, in passing, it should be noted that, while the plaintiff's duties were usually of a harmless nature, yet, it appears that the plaintiff daily passed in the course of his duties through and about the laboratories and portions of the defendant's plant, where some exposure to dangerous acids and gases was inevitable. We are not called upon, however, to declare whether or not a proper definition of the employment, at which section 7 is aimed, is applicable to the evidence in this case, or whether or not the evidence is sufficient for a jury to find from it that the plaintiff came within the prohibition, for the reason that, if it be assumed that there was evidence that the plaintiff was employed in a prohibited occupation, it was unnecessary in this particular case for the trial court to submit the question to the jury under instructions because, as a matter of law, the evidence shows that the violation did not directly contribute to the injury and was not the proximate cause of it.

The plaintiff was injured by a fall which occurred when he was engaged in performing the harmless task of carrying the defendant's mail to its offices. The plaintiff contends that he is entitled to recover under section 7 because his injury was sustained in the course of his illegal employment. But it is not enough to point to illegal employment and an injury received in the course thereof.

■ Employing a child under sixteen years of age in a prohibited occupation gives rise to a cause of action for any injury of which the employment is the proximate cause. But if the employment is not otherwise unlawful, the employer is only liable for those injuries against which the statute is a safeguard. There must be a causal relation between the prohibited employment and the injury.

In Feir v. Weil and Whitehead, 92 N. J. Law, 610, 613, 106 A. 402, 403, the Court of Errors and Appeals of New Jersey tersely stated the law controlling this case as follows: "The child may show that his injury resulted from the negligence of the master, merely by showing a violation of the statute, provided such violation contributed directly to the injury, or was the efficient cause of the injury, of which the plaintiff complains, that such proximate cause might arise from the fact of the child's immaturity, rendering the child incapable of appreciating the dangers in which he was placed."

· It is not enough, therefore, for the plaintiff to show a violation of the statute in his employment. He must go further and show that the violation had a causal connection with his injury and this he failed to do. The plaintiff's injury came not as a result of exposure to danger. There is no connection between the intendment of section 7 and the injury he sustained as a result of tripping on a cinder while carrying mail.

■ It is necessary to refer to only one other matter. In his complaint, the plaintiff alleges as the gist of his action that: "The defendant, American Cyanamid Company, contrary to the statute in that case made and provided illegally employed the plaintiff, Gilbert Miller, an infant under the age of sixteen years in a dangerous and prohibited occupation and plaintiff was injured as hereinbefore set forth as a result of said illegal employment of the plaintiff by the defendant."

This the defendant denied in its answer.

In keeping with his theory of the case, the plaintiff's counsel stated in opening to the jury that he sought to recover under section 7, as the plaintiff was a minor, under sixteen years, employed in a prohibited occupation.

Section 3 of the Factory Act (Comp. St. Supp. § 107—18) requires a child between the age of fourteen and sixteen years to furnish an age and schooling certificate before he may be employed.

The plaintiff, as a witness for himself, stated that he, himself, had not furnished a certificate to his employer. The defendant objected to the relevancy of the evidence, and the court ruled that the complaint was broad enough to support the issue. On cross-examination, the defendant produced a certificate purporting to be signed by the plaintiff. The plaintiff could not recall signing it and stated that the letter "M" in his signature did not look genuine. Some controversy ensued over the matter, but counsel for the plaintiff admitted that section 3 was not the portion of the Factory Act that he was stressing and that he did not see the relevancy of the issue. Later in the case, after the plaintiff had been pressed for a direct answer as to whether or not the signature was his, and the certificate had been admitted in evidence, counsel for the plaintiff apparently retracted his admission and strenuously contended that the question of whether the defendant had violated section 3 by not having an age and schooling certificate for the plaintiff was one of the theories on which he had tried the case. But the court ruled that the case was tried under section 7, in that the plaintiff was employed in

a prohibited occupation, and that, if the plaintiff had not secured a certificate and believed his signature on the one presented to the court was a forgery, then the plaintiff had another cause of action under section 3 of the Factory Act. The court, thereupon, directed the jury to return a verdict in favor of the defendant.

The conclusion of the trial court was right. The question as to the certificate is not an issue in this case. The complaint is carefully drawn to state a cause of action under section 7, and the allegations will not support another on the theory that the plaintiff was employed without a certificate. The confusion over the question at the trial is regretable, but the plaintiff cannot be allowed without amendment to change from one cause of action to an entirely different one in the midst of a trial. It would greatly prejudice the defendant. The evidence relating to the age and schooling certificate was irrelevant and inadmissible for the question could not properly be in issue under the pleadings.

The judgment is affirmed.