## WEINSTEIN v. POWELL et al.
### No. 6734.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1932.

Edgar J. Oliver, of Savannah, Ga., for appellant.

Charles L. Gowen, of Brunswick, Ga., and Geo. T. Cann, of Savannah, Ga., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit to recover damages for the death of her son, alleged to have been caused by the negligence of appellees. The petition was dismissed on demurrer.

Briefly stated, the material facts alleged in the petition are these: Appellant's son was driving an automobile truck to the east on a public highway in the village of Jones, in McIntosh county, Ga. The highway crossed the tracks of the railroad at about a right angle, the tracks running north and south. The deceased stopped his truck at about 150 feet from the tracks. A light rain was falling, and his view of the track to the south was obscured by trees. He did not see the approaching train. He then drove across the tracks at a speed of about ten miles an hour, and was struck by an unscheduled, extra train, coming from the south, and running at the rate of about 70 miles an hour.

The railroad depot was situated 10 feet east of the main track and 20 feet north of the highway. It was a long-established custom for the station agent to plant a red flag between the depot and the highway to notify the public of the danger of an approaching train. The deceased was familiar with this custom and with the schedules of the regular trains passing the station at Jones. There were no regular trains scheduled at that hour, and the red flag was not displayed. Among the acts of negligence alleged are the excessive speed of the train, the failure to blow a warning whistle when the train was 400 yards from the crossing, and the failure to plant the red flag according to custom.

Appellees rely mainly upon the case of B. & O. R. R. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645. Except for the negligence alleged by failure to display the red flag, the case would be governed by that decision and the District Court would have been justified in holding that, as a matter of law, the contributory negligence of the deceased precluded a recovery. However, while the Goodman Case extends the doctrine of contributory negligence, as applied to crossing accidents, to an extreme limit, it does not go to the extent of holding that there can be no recovery in any case where the injured party does not stop to look and listen for an approaching train before going upon the track.

In determining whether a person is negligent, it is necessary to consider what a prudent man would do in like circumstances. In the following cases the Goodman Case has been distinguished, and it has been held that the question of negligence was for the jury, on conflicting evidence, to be determined on all the facts and circumstances of the case. Canadian Pac. Ry. Co. v. Slayton (C. C. A.) 29 F.(2d) 687, and Wabash Ry. Co. v. Glass (C. C. A.) 32 F.(2d) 697, in both of which cases it appeared that the crossing was protected by gates which were not down when the accident occurred; Leuthold v. Penn. R. Co. (C. C. A.) 33 F.(2d) 758, in which it appeared that it was the custom to have a flagman at a crossing when trains were approaching and the flagman was not at his post when the accident occurred; Teague v. St. Louis S. W. Ry. Co. (C. C. A.) 36 F.(2d) 217, in which it appeared that a gong had been installed which rang when a train was approaching. The gong was out of order and did not ring. The injured person was familiar with the operation of the gong, and did not know it was out of order; and Wa-

bash Ry. Co. v. Walczak (C. C. A.) 49 F. (2d) 763, in which it appeared that a flasher signal had been installed but was not working at the time of the accident.

It is possible that the jury may consider that the deceased was lulled into a sense of security by the absence of the red flag, and this, coupled with his knowledge that no regular trains were due, might absolve him from the charge of contributory negligence, or, in the alternative, might mitigate his negligence and allow him to recover to some extent under the provisions of the Georgia Code of 1926, which of course, must be given effect. The law in question is as follows:

"§ 2781. Consent or negligence.—No person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributed to him."

"§ 4426. Diligence of plaintiff.—If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."

In construing these sections, the Supreme Court of Georgia has held that only in cases where the injured party fails to exercise ordinary care to escape the consequences of negligence is a recovery entirely defeated. Western & Atlantic R. R. Co. v. Ferguson, 113 Ga. 708, 39 S. E. 306, 54 L. R. A. 802.

We conclude that the petition states a cause of action sufficient to go to the jury, if sustained by competent evidence. We express no opinion as to other acts of negligence alleged in the petition nor as to what the future action of the court should be after hearing the case on the merits.

We may say that this conclusion is not in conflict with our recent decisions in Smith v. So. Ry. Co., 53 F.(2d) 186, and Brown and Pennington v. So. Ry. Co., 61 F.(2d) 399, decided October 24, 1932. In those cases it appeared that automobiles traveling on a paved highway, at night, at the rate of 30 miles an hour, with their lights burning, collided with a stationary train of the defendant standing across the highway. It is apparent that the negligence of the defendant

had occurred prior to the negligence of the plaintiff. We held that the driver of the automobile in each instance was wanting in ordinary care, and his negligence was the proximate cause of the accident. This is in keeping with the rule announced in Western & Atlantic R. R. v. Ferguson, supra.

The judgment appealed from is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.