Emma Isabel VOWELS, Appellant, v. Jason
H. FOSTER and Edward H. Cooke, Doing
Business under the Assumed Name of Commercial Motor Freight Lines, Jointly and
Severally, Appellees.
No. 7089.

Circuit Court of Appeals, Sixth Circuit.
Feb. 10, 1937.

Vandeveer & Vandeveer, of Detroit, Mich., for appellant.

Edward N. Barnard, of Detroit, Mich., for appellees.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

PER CURIAM.

This cause was heard upon the transcript of the record, briefs and arguments of counsel, and the court being of opinion:

(1) That it was error to direct a verdict for appellees for want of diversity of citizenship of the parties because there was substantial evidence tending to show that appellant was a citizen of Indiana, and, in any event, want of federal jurisdiction requires dismissal without decision upon the merits; (2) that it was error to direct a verdict for appellees upon the ground that as a matter of law there was no negligence of appellees which proximately caused appellant's injury because there was substantial evidence tending to show that the driver of appellees' truck (left standing upon the highway) subjected appellant to sudden peril by placing himself as an obstruction to the oncoming car in which she was riding; (3) that it was error to direct a verdict for appellees upon the ground that the driver of the car was guilty of contributory negligence imputable to appellant as its owner under section 4648, Compiled Laws of Michigan 1929, because, even were we to assume that the statute, which in terms but imposes liability on owners of cars for their negligent operation, but does not affect existing rights of such owners as against others, brings into operation a doctrine of imputed negligence not applied in federal courts (see Commercial Electric Supply Co. v. Greschner, 59 F. (2d) 512 (C.C.A.6); Wabash Ry. Co. v. Walczkak, 49 F.(2d) 763, 765 (C.C.A.6), there was substantial evidence tending to show that the sudden appearance of the truck driver as an obstruction in the path of the car created an emergency and whether such emergency existed, and, if so, whether the driver of the car acted with due care under the circumstances, presented factual questions to be considered and determined by the jury,

It is therefore ordered and adjudged that this case be and is reversed and remanded for a new trial.