SOUTHERN RAILWAY COMPANY, Complainant-Appellant

*v.*

CITY OF KNOXVILLE, Defendant-Appellee.

426 S.W.2d 172.

(*Knoxville,* September Term, 1967.)

Opinion filed March 18, 1968.

CLYDE W. KEY, Knoxville, for appellant.

BERNSTEIN & DOUGHERTY, and W. P. BOONE DOUGHERTY, Knoxville, for appellee.

## MEMORANDUM AND ORDER

PER CURIAM.

Southern Railway Company brought this declaratory judgment suit challenging the constitutionality of an ordinance, and implementing resolution of the Council of the City of Knoxville requiring Southern at its expense to erect and maintain electric signal lights and crossing gates at four grade crossings and electric signal lights at two additional grade crossings.

The Chancellor upheld the validity of the challenged ordinance and resolution upon the grounds that, while the City did not possess express authority to enact the ordinance, it was authorized so to do by the implication of general provisions of the charter conferring police power upon the City; that the ordinance was not unreasonable or arbitrary; nor did it offend the due process or commerce clauses of the Federal Constitution.

On appeal Southern makes three propositions:

(1) That the City did not possess the charter power to require erection of grade crossing protection devices at its expense.

(2) That secs. 65-1208(1) and 59-846, T.C.A., have established in Tennessee the policy that the cost of erecting and maintaining protective devices at public grade crossings shall be borne by the public and, the City of Knoxville having no express authority to act otherwise,

the ordinance and resolution contravene the declared legislative policy of the State and so are invalid. *City of Memphis v. Southern Railway,* 167 Tenn. 181, 67 S.W.2d 552 (1934).

(3) That under the allegations of the original bill and the evidence the ordinance and resolution are arbitrary and unreasonable, and constitute an undue burden upon interstate commerce, and a deprivation of appellant's property without due process of law.

Southern's propositions are presented to the Court in five assignments. The third assignment is:

"The Chancellor erred in refusing to consider whether the city ordinance and action of the city council pursuant thereto are arbitrary and unreasonable when viewed in the light of the facts and circumstances of this case."

The memorandum filed by the Chancellor resolved this issue, by practically excluding from consideration a report of the Interstate Commerce Commission entitled, "Prevention of Railway Highway Grade Crossing Accidents Involving Railway Trains and Motor Vehicles, Reported in 322 I.C.C. 1 (January 22, 1964); and without giving consideration to, and determining, whether, in the light of all of the facts of the case upon which Southern relied (i.e., the cost to Southern against the advantages to the travelling public by reason of the actual safe condition of each of the crossings by reason of visibility; number of accidents; number of vehicles using crossing as against number of trains passing over the crossing during a twenty-four hour period; number and nature of crossing accidents), the ordinance was unreasonable.

It is evident the trial court considered inquiry into the reasonableness of the requirements of the ordinance as being ruled by *N. C. & St. L. Ry. v. White,* 158 Tenn. 407, 15 S.W.2d 1 (1928), affirmed 278 U.S. 456, 49 S.Ct. 189, 73 L.Ed. 452 (1929).

However, since federal constitutional safeguards were invoked by Southern we think the court should have proceeded under *Nashville, C. & St. L. R. Co. v. Walters,* 294 U.S. 405, 55 S.Ct. 486, 79 L.Ed. 949, to consider all of the evidence with respect to each crossing, including such part of the Interstate Commerce Commission Report as might be found applicable by reason of the findings of the Commission and the predicates therefor (properly, we think, ignoring the conclusions of the Commission based thereon which are not necessarily controlling), and upon this basis determine the reasonableness and the validity of the ordinance and the resolution implementing it with respect to each crossing.

In *Nashville,* the original bill set forth facts relied upon as showing the unreasonableness of a state statute authorizing the State Commissioner of Highways to require the separation of grade crossings, and, without involvement of discretion, to apportion the cost one-half to the railroad. The answer (as in this case) justified the imposition solely as an exercise of the police power. At the trial, the Chancellor considered all of the evidence in the case and held the act arbitrary and unreasonable, and therefore void under the federal constitution. Upon appeal, this Court without consideration of the facts reversed that decree, and dismissed the suit. The Federal Supreme Court reversed on the ground this Court erred in refusing to consider whether the facts relied upon by the Railway established as arbitrary and unreasonable

the imposition upon it of one-half the cost of the under-pass. The Court went on to say:

"The promotion of public convenience will not justify requiring of a railroad, any more than of others, the expenditure of money, unless it can be shown that a duty to provide the particular convenience rests upon it." 294 U.S. 428-429, 55 S.Ct. 494.

In sum, the Federal Supreme Court held it was the duty of the State Supreme Court to consider all of the evidence relied on by Nashville on the issue of unreasonableness; and to do this even though it was conceded the cost involved was reasonable, the statute properly invoked the state police power, and that ordinarily a state could do what was attempted by the statute. That this determination should be made at the state level as the state court was better equipped to apply the facts.

This Court takes the same view of this issue. The Chancellor necessarily knows more than this Court about the witnesses, the evidence, and the conclusions to be drawn therefrom, when subjected to his able judicial scrutiny. Besides this Court needs and is entitled to his opinion, before we express ours.

Accordingly, the case is remanded for further consideration by the Chancellor of this single issue: Whether or not, under the facts with respect thereto, ordinance and resolution requirements are unreasonable in general, or as to any crossing. Our consideration and resolution of the other propositions presented by the appeal will be reserved until the action of the Chancellor on this remand.